UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80606-CIV-MARRA

SUNTRUST BANK,

Plaintiff,

vs.

DONALD ARMSEY,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion for Default Judgment (DE 14) and Defendant's Motion to Vacate Order on Motion for Clerk's Entry of Default (DE 18). The Court has carefully considered the motions and is otherwise fully advised in the premises.

On April 23, 2009, Plaintiff filed suit for breach of an Instrument executed by Defendant. (DE 1.) Defendant filed a motion to dismiss on May 19, 2009, which the Court denied on June 11, 2009. (DE 9.) The Clerk entered a default against Defendant on August 18, 2009. (DE 11.) That same day, Defendant filed an Answer to the Complaint. (DE 13.) Plaintiff subsequently moved for a default judgment (DE 14), to which Defendant did not file a response until after the Court set a hearing. At the hearing, Defendant's counsel explained that he had experienced difficulties with his email. Soon thereafter, Defendant filed a motion to vacate the clerk's entry of default. (DE 18.)

To relieve a party from an entry of default, the Court looks to Rule 55(c) of the Federal Rules of Civil Procedure. The Court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). To obtain relief under Rule 55(c), the movant must only make a "bare minimum

showing" to support claim for relief. Jones v. Harrell, 858 F.2d 667, 669 (11th Cir.1988). Significantly, "good cause is a mutable standard, varying from situation to situation . . . . [w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacon, 88 F.3d 948, 951 (11th Cir. 1996). Some of the factors for consideration include: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary and (3) whether a meritorious defense is presented. See EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524 (11th Cir. 1990); Heaton v. Bonacker & Leigh, 173 F.R.D. 533 (M.D. Ala. 1997). Finally, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Florida Physician's Inc. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

In evaluating the circumstances surrounding Defendant's default, the Court concludes that they weigh in favor of Defendant. Defendant surely made mistakes in its handling of this case. Defendant's failure to establish "minimum procedural safeguards" for receiving legal pleadings is inexcusable neglect. See Gibbs v. Air Canada, 810 F.2d 1529, 1537 (11th Cir.1987). However, such conduct was not willful or culpable. See Compania Dominicana, 88 F.3d at 952 ("Most failures to follow court orders are not 'willful' in the sense of flaunting an intentional disrespect for the judicial process. However, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful.").

Further, the Court cannot conclude that Plaintiff would be prejudiced by vacating the default. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of

evidence, increased opportunities for fraud, or discovery difficulties." Burrell v. Henderson, 434 F.3d 826, 835 (6th Cir. 2006).  Plaintiff has presented no argument or evidence to suggest that it would be materially prejudiced.

Finally, with respect to a meritorious defense, "[l]ikelihood of success is not the measure." Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir.1980). Instead, the movant need only provide "a hint of a suggestion" that his case has merit. Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir.1969).[1]  Here, Defendant has provided a legally sufficient affirmative defense. (DE 13.)  Although Plaintiff challenges the merits of this defense in its response to Defendant's motion to vacate the default judgment, the Court cannot and should decide whether these arguments have merit at this stage of the proceeding.  Instead, the Court's review at this juncture is limited to an inquiry of whether Defendant's allegations are entirely devoid of merit.  Concluding that Defendant has colorable arguments, this factor must weigh in favor of vacating the default.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Vacate Order on Motion for Clerk's Entry of Default (DE 18) is **GRANTED.**  The Clerk's entry

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

of default (DE 11) is **VACATED**.  Plaintiff's Motion for Default Judgment (DE 14) is **DENIED.**

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of February, 2010.

_____
KENNETH A.  MARRA
United States District Judge