UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80606-CIV-MARRA/JOHNSON

SUNTRUST BANK,

Plaintiff,

vs.

DONALD ARMSEY,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion for Summary Judgment (DE 26). No response to the motion was filed. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

The facts, as culled from the affidavits, exhibits and answers and reasonably inferred therefrom in the light most favorable for the defendant, for the purpose of this motion, are as follows:

Defendant Donald Armsey ("Defendant") executed and delivered an instrument (the "Instrument") on October 9, 2003 in favor of SunTrust Bank ("Plaintiff") for a Home Equity Line Account in the principal amount of $150,000.00. (Instrument, Ex. A, attached to Compl.; Aff. of Nancy A. Johnson ¶ 4, attached to DE 14-1.)  Defendant is indebted to Plaintiff under the Instrument in the principal sum of $147,250.92, plus interest upon the principal, accruing at the rate of 5.50% from December 12, 2007 through the date of judgment, for default on payments owed by Defendant to Plaintiff. (Aff. of Johnson ¶ 5.)

Defendant's sole affirmative defense states: "As a First Affirmative Defense, Defendant Donald L. Armsey asserts that this action arises from a loan is Residential Refinancing and is subject to the Federal Truth in Lending Act. There has been a material violation of said Act in that insufficient completed copies of Notice of Right to Cancel was not provided Defendant Donald L. Armsey and his then spouse, who were both individually entitled two complete copies of the Notice of Right to Cancel. Defendant Donald Armsey gives notice and effects all cancellation right as per Federal Truth in Lending Act. As such, Plaintiff is barred from bringing this action." (DE 13.)

II. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the

nonmoving party's case.  Id. at 325.

      After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

      Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. 242, 249-50.

    III.  Discussion

      A promissory note, if mature and regular on its face, is sufficient to establish a prima facie case for enforcement. All attacks upon it, or the debt it represents, must be made by affirmative defenses on which a defendant bears the burden of proof.  See Cole Taylor Bank v. Shannon, 772 So. 2d 546, 550 (Fla. Dist. Ct. App. 2000); Haycook v. Ostman, 397 So. 2d 743, 744 (Fla. Dist. Ct. App. 1981).  In fact, summary judgment is appropriate based on the evidence of the promissory note and if there is "no evidence of any release, waiver, novation or discharge

of the valid promissory note." Wachovia Bank, National Association v. Horizon Wholesale Foods, LLC, No. 09-0072-KD-B, 2009 WL 3526662, at * 3 (S.D. Ala. Oct. 23, 2009) (citing White v. Bachner, 632 So. 2d 94 (Fla. Dist. Ct. App. 1994)).

Here, the only affirmative defense lodged by Defendant is brought pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635. Under TILA, a consumer may rescind a transaction that results in a creditor taking a security interest in the consumer's primary dwelling for three business days following the closing of the transaction and up to three years if the creditor fails to make all material disclosures to the borrower as required by TILA. 15 U.S.C. § 1635(f); see Beach v. Ocwen Federal Bank, 523 U.S. 410, 419 (1998); Dixon v. Countrywide Home Loans, Inc., 710 F. Supp. 2d 1325, 1333-34 (S.D. Fla. 2010); Beach v. Great Western Bank, 692 So. 2d 146, 152 (Fla. 1997). Here, the negotiable instrument was executed on October 9, 2003 and Defendant first raised his TILA defense nearly six years later on August 18, 2009. Based on this record, Defendant's TILA defense is time-barred.

Lastly, the undisputed record evidence shows that Defendant is in default of the Instrument in the amount of $147,250.92, plus interest, accruing at 5.50% from December 12, 2007 through the date of judgment.

For the foregoing reasons, the Court grants summary judgment on behalf of Plaintiff.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment (DE 26) is **GRANTED**. The Court will separately issue judgment for Plaintiff.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 3rd day of November, 2010.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE